```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America

    v.                                Case No. 2:94-cr-107

Tonya Nicole Packer

### ORDER

The court has received a letter from the defendant requesting expungement of her 1995 conviction for bank fraud. The letter has been docketed as a motion which is now before the court for a ruling.

There is no general federal statute authorizing the expungement of records. The Sixth Circuit has held that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). However, in United States v. Lucido, 612 F.3d 871, 873-74 (6th Cir. 2010), the Sixth Circuit concluded that the district court had no authority to rule on an expungement motion based on its original authority over the defendant's criminal cases under 18 U.S.C. §3231 or any other federal statute. The court also concluded, citing Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), that the district court did not have ancillary jurisdiction to rule on the motion because the motion did not involve "factually interdependent" claims or managing the criminal cases, vindicating the court's power over the cases, or effectuating any orders in the cases. Id. at 874-75 (noting that defendant's good conduct since his acquittals, his successful investment business and his difficulty attracting clients due to the records of the indictments

had nothing to do with the facts underlying his original criminal cases). The court concluded that its prior decision in Doe "cannot be reconciled with Kokkonen because it extends the courts' jurisdiction beyond that provided by the Constitution, by statute and by the limited doctrine of ancillary jurisdiction." Id. at 876.

The expungement of records in this case is not necessary "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80. The defendant seeks the expungement of her criminal records to advance her employment opportunities. She does not allege that the conviction in her case is invalid or that the records of this court are inaccurate or contain a clerical error.

This court concludes that it has no jurisdiction over defendant's request for expungement. Even if it is assumed that the court has inherent authority to consider defendant's motion, defendant has failed to demonstrate extraordinary circumstances which would justify the expungement of the criminal records in this case. See United States v. Robinson, 79 F.3d 1149 (table), 1996 WL 107129 at *1-2 (6th Cir. March 8, 1996)(noting that in considering expungement, the harm of maintaining the records to the defendant's employment must be balanced against government's need to maintain extensive records to aid in effective law enforcement).

Defendant's motion for the expungement of her 1995 conviction is denied.

It is so ordered.


Date: November 6, 2018                    s\James L. Graham
                                   James L. Graham
                                   United States District Judge